```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 13-60664-Civ-COHN
                                   MAGISTRATE JUDGE P.A. WHITE

ALIECER ALVAREZ,                 :

     Petitioner,                 :

v.                               :      REPORT OF
                                        MAGISTRATE JUDGE
MICHAEL CREWS,                   :

     Respondent.                 :
_____
```

## I. Introduction

Aliecer Alvarez, a state prisoner confined at Everglades Correctional Institution at Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his narcotics convictions and sentences entered in Case No. 08-09109 in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting memorandum of law (DE# 1, 4), the Court has the petitioner's response to an order regarding the limitations period (DE# 11), and the respondent's response to an order to show cause with supporting exhibits (DE# 13, 13-1).

## II. Claim

Petitioner raises the sole claim that his narcotics convictions and sentences were entered in violation of his due

process rights based upon the recent decision in Shelton v. Secretary Dept. of Corrs., 802 F.Supp.2d 1289 (M.D.Fla. 2011), holding that Fla.Stat. §893.13 is unconstitutional.

### III. Procedural History

Alvarez was convicted upon pleas of guilty entered on February 17, 2009, of the offenses of trafficking in cocaine and conspiracy to traffic in cocaine, and he was sentenced to concurrent terms of imprisonment of eight years. See Judgment; Sentence. (Record on Appeal from denial of Rule 3.800 motion at 24, 29, 36-41)(DE# 13-1 at 25, 30, 37-42).[1] Alvarez did not prosecute a direct appeal from his convictions and sentences. See Petition at ¶8. (DE# 1).

After waiting for close to three years after his convictions and sentences were entered, Alvarez filed in the trial court on December 29, 2011, a pro se motion pursuant to Fla.R.Crim.P. 3.800 and 3.850, challenging his convictions and sentences as unlawful on essentially the ground presented in this federal petition as well as other related grounds. See Motion to Correct/Vacate Illegal Sentence and Judgment. (Record on Appeal from denial of Rule 3.800 and 3.850 motion at 7-22)(DE# 13-1 at 8-23). On January 30, 2013, the trial court summarily denied the motion, stating: "This Court has already ruled that F.S. 893, et seq. is constitutional." See Order Denying Defendant's Motion to Correct/Vacate Illegal Sentence and Judgment. (Record on Appeal from denial of Rule 3.800 motion at 6)(DE# 13-1 at 7). Alvarez's pro se motion for rehearing was denied. See Motion for Rehearing; Order Denying Defendant's Motion for Rehearing. (Record on Appeal from denial of Rule 3.800 motion at 3, 4-5)(DE# 13-1 at 4, 5-6). Alvarez prosecuted an appeal from the denial of his postconviction motion. See Notice of Appeal.

---

[1] When citing DE# 13-1, the page numbers referred to are the page numbers generated by the CM/ECF system.

(Record on Appeal from denial of Rule 3.800 motion at 2)(DE# 13-1 at 3). On December 5, 2012, the Florida Fourth District Court of Appeal *per curiam* affirmed the trial court's ruling. Alvarez v. State, 101 So.3d 1273 (Fla. 4th DCA 2012), *citing*, State v. Adkins, 96 So.3d 412 (Fla. 2012); Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011). The mandate issued on January 4, 2013.

Approximately two months after the state court postconviction proceedings had concluded, Petitioner came to this Court filing on March 19, 2013,[2] the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## IV. Analysis

### A. Background of Substantive Claim Raised

The United States District Court for the Middle District of Florida held on July 27, 2001, in Shelton v. Secretary Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla. 2011) that Fla.Stat. §893.13, as amended by Fla.Stat. §893.101, was facially unconstitutional in violation of federal due process principles, because the statute did not include knowledge of the illicit nature of the substance as an element of the offense, thereby, eliminating all *mens rea*. The State appealed the decision. On August 24, 2012, the Eleventh Circuit Court of Appeals reversed the Middle District's decision, holding that the Florida Supreme Court's opinion in State v. Adkins, 96 So.3d 412 (Fla. 2012), upholding Florida's Comprehensive Drug Abuse Prevention and Control Act under the Due Process Clauses of the Florida and the United States Constitutions, was not "contrary to, or involved an unreasonable

---

[2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

3

application of, clearly established Federal law, as determined by the Supreme Court." Shelton v. Secretary, Dept. of Corrections, 691 F.3d 1348 (11th Cir. 2012). The Eleventh Circuit concluded that "nothing in the U.S. Reports decides or implies resolution of the novel issue of the Florida Act's constitutionality, and we cannot find Florida's adjudication to be unreasonable under AEDPA". Id. at 1355. On April 15, 2013, the United States Supreme Court denied Shelton certiorari review. Shelton v. Crews, ___ U.S. ___, 133 S.Ct. 1856, 185 L.Ed.2d 822 (2013).

The Florida Supreme Court and state district courts of appeal have all now rejected the Middle District's holding in Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla. 2011) and found Florida's Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Fla.Stat., facially constitutional. See Shelton, 691 F.3d 1348; State v. Adkins, 96 So.3d 412 (Fla. 2012); Davis v. State, 100 So.3d 224 (Fla. 4th DCA 2012)(holding that the reasoning of the Middle District in *Shelton* is inapplicable to a drug trafficking offense as the trafficking statute expressly contains a *mens rea* requirement that a defendant "knowingly" possess, sell, purchase, manufacture, deliver, or bring into this state the drugs in question, thus, no possibility exists that a defendant could be held strictly liable for an "unknowing" possession or delivery of the drugs); Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011)(expressly finding the reasoning of the Middle District's decision in *Shelton* unpersuasive and declining to adopt its holding); Little v. State, 77 So.3d 722 (Fla. 3d DCA 2011); Holcy v. State, 83 So.3d 778 (Fla. 5th DCA 2011); Flagg v. State, 74 So.3d 138 (Fla. 1st DCA 2011).

## B. Discussion

In his response to the order to show cause, the respondent

asserts that this petition should be dismissed as untimely filed or, in the alternative, denied in that the claim raised is without merit. (DE# 13).

Because Alvarez filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[3] See 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ....").

As a starting point, the Court turns to the date upon which Alvarez's judgment became final under 28 U.S.C. §2244(d)(1)(A). See Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)(holding that conviction becomes final upon expiration of time for seeking direct review); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). See also Clay v. United

---

[3]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006)(holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court).

Alvarez's convictions and sentences became final at the latest on March 19, 2009,[4] the expiration of the thirty-day appeal period from the judgment and sentence. See Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3d Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3d Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1st Dist. 1988). The AEDPA clock runs from the date the convictions and sentences became final until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief in state court, the AEDPA clock stops. See 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); Wall v. Kholi, ___ U.S. ___, 131 S.Ct. 1278 (2011).[5] The AEDPA clock resumes

---

[4] Under Fed.R.Civ.P. 6(a)(1), "in computing any time period specified in ... any statute that does not specify a method of computing time ... [the court must] exclude the day of the event that triggers the period [,] count every day, including intermediate Saturdays, Sundays, and legal holidays [,and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday.

[5] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged,

running when the state's highest court issues its mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

As indicated from the above review of the state court proceedings, Alvarez pursued state postconviction relief. However, he did not do so until December 29, 2011, well-after the one-year limitations period had already expired on March 19, 2010. Thus, his Rule 3.800/3.850 proceedings did not statutorily toll the federal one-year limitations period. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000). See also Hollinger v. Secretary Dept. of Corrections, 334 Fed.Appx. 302, 304-305, 2009 WL 1833746, *2 (11th Cir. 2009), *citing*, Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)(concluding that Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"). Alvarez's petition was, therefore, due in this Court on or before March 19, 2010. His petition filed on March 19, 2013, is clearly untimely.

This does not, however, end the inquiry in this case. Alvarez appears to acknowledge that his petition has been filed beyond the applicable one-year period when applying §2244(d)(1)(A). He states in Paragraph 18 of the petition regarding timeliness: "New law finding §893.135, Florida Statute unconstitutional." (Petition at

---

and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

13)(DE# 1). The new law which Alvarez is relying upon is the Middle District of Florida's opinion in Shelton v. Secretary Department of Corrs., 802 F.Supp.2d at 1297-1308. See Memorandum of Law in Support of Petitioner's Petition. (DE# 4). Alvarez is, therefore, maintaining that the one year period should commence on July 27, 2011, the date that the *Shelton* opinion issued.

If Alvarez is arguing that §2244(d)(1)(C) is applicable here, he is wrong. Since the *Shelton* decision is not a United States Supreme Court decision, the case does not involve a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review as required by §2244(d)(1)(C). Accordingly, he is not entitled to rely upon the date that *Shelton* was decided to reset the clock for the one-year statute of limitations applicable to §2254 petitions under §2244(d)(1)(C). Moreover, Alvarez has not filed the instant petition within one-year from the date that the Middle District's decision issued.

Similarly, any suggestion by Alvarez that the statute of limitations should be extended pursuant to 28 U.S.C. §2244(d)(1)(D), because he only learned of the legal significance of his current claim when the *Shelton* case was decided, is also meritless.[6] Under §2244(d)(1)(D), the time begins to run when petitioner knows, or through due diligence, could have discovered, the important facts for his or her claim, not when petitioner recognizes the facts' legal significance. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)(stating the statute of limitations

---

[6]Although it does not so appear, Alvarez may be asserting that the later date of August 24, 2012, when the Eleventh Circuit issued its opinion in Shelton, 691 F.3d 1348 (11th Cir. 2012) is the appropriate date to run the one-year clock. The instant petition has been filed within one-year from the Eleventh Circuit's opinion. Even if he is so contending, his assertion would be meritless.

begins to run when the prisoner knows the important facts, not when the prisoner recognizes their legal significance); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)(same). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The claim now presented by Alvarez involves the constitutionality of the statute upon which he was convicted in the Florida courts. Here, Alvarez and/or counsel knew or should have known the basis of any constitutional attack upon the statute of conviction by the latest on March 19, 2009, the date that the time to file a notice of direct appeal from the convictions and sentences expired. A petitioner's belated realization of the purported legal significance of the facts does not delay commencement of the limitations period. Alvarez appears to be improperly confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence and/or additional legal support for his claim. Alvarez is, therefore, not entitled to employ §2244(d)(1)(D) to reset the clock for the one-year statute of limitations applicable to §2255 motions, regardless upon which *Shelton* opinion he now relies.

Equitable tolling of the limitations period might be available under limited circumstances. However, Alvarez has not expressly contended that equitable tolling applies to his case and, even if he were making such an argument, he has advanced no facts or legal grounds whatever to warrant equitable tolling. He has not demonstrated that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549 (2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing). At most, Alvarez could be maintaining that due to intervening case law he is entitled to equitable tolling. A change in the law is not an extraordinary circumstance, warranting equitable tolling. See Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007).

While actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion; see McQuiggin v. Perkins, ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013); United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005), any claim of "actual innocence" requires a showing of "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). No such showing has been made here.

Further, Alvarez's unfamiliarity with the legal process or ignorance of the law, also cannot support equitable tolling.[7] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention

---

[7]It is well settled that pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

when promptness is required); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Supreme Court's decision issued in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion). The record also does not demonstrate that Alvarez was in any way impeded by any unconstitutional governmental action in pursuing collateral relief as required for application of §2244(d)(1)(B).

Moreover, entry of the convictions and sentences in this case did not result in a miscarriage of justice. Alvarez's challenge to the constitutionality of his state narcotics convictions on the ground that Fla.Stat. §893.13 charges strict liability crimes, thereby, eliminating the *mens rea* element is meritless. As pointed out above, the Eleventh Circuit, Florida Supreme Court and state district courts of appeal have all now rejected the Middle District's holding in Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla. 2011) and found Florida's Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Fla.Stat., facially constitutional. See Shelton, 691 F.3d 1348; Adkins, 96 So.3d 412; Davis, 100 So.3d 224; Maestas, 76 So.3d 991; Little, 77 So.3d 722; Holcy, 83 So.3d 778; Flagg, 74 So.3d 138. Consequently, Alvarez's claim that his state narcotics convictions and sentences are unconstitutional fails on the merits.

In sum, Alvarez is neither entitled to statutory or equitable tolling of the applicable one-year limitation period. Accordingly, Petitioner's claim challenging the lawfulness of his convictions and sentences is now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits. Petitioner is also

not entitled to relief on the claim raised in this §2254 proceeding, because the substantive claim is meritless.

## V. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claim raised is time-barred are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument

12

to the attention of the district judge in the objections permitted to this report and recommendation.

## VI. Recommendations

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) and, in the alternative, denied on the merits. It is further recommended that no certificate of appealability should issue.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 7th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Aliecer Alvarez, Pro Se
    DC# B06768
    Everglades Correctional Institution
    1599 S.W. 187 Avenue
    Miami, FL 33194

    James J. Carney, Asst. Atty. General
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428